IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE HELM | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0285-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Lee Helm, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1979, petitioner pled guilty to murder in Case No. F79-04279. The trial court deferred an adjudication of guilt and sentenced petitioner to probation for a period of 10 years. While on deferred adjudication probation, petitioner was charged with another murder. In 1987, a jury convicted petitioner of the second murder in Case No. F86-71404. Following his conviction, the trial court found petitioner guilty of the first murder, revoked his probation, and imposed concurrent life sentences in Case Nos. F79-04279 and F86-71404. Both convictions were affirmed on direct appeal. *Helm v. State*, No. 05-87-00639-CR (Tex. App.--Dallas, Jan. 5, 1988, pet. ref'd) (affirming conviction in Case No. F86-71404); *Helm v. State*, No. 05-87-00640-CR (Tex. App.--Dallas, Apr.

15, 1994, pet. ref'd) (affirming conviction in Case No. F79-04279). Petitioner also filed multiple applications for state post-conviction relief. His writs were denied without written order. *Ex parte Helm*, No. 19,962-02 (Tex. Crim. App. Mar. 6, 1991); *Ex parte Helm*, No. 19,962-03 (Tex. Crim. App. Nov. 28, 2007); *Ex parte Helm*, No. 19,962-04 (Tex. Crim. App. Nov. 28, 2007).[1] Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) his sentences are illegal; (2) the state charged him with non-existent crimes; and (3) he is actually innocent.

Respondent has filed a preliminary response suggesting that this case is barred by the AEDPA statute of limitations. Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

---

[1] Petitioner also filed an application for state post-conviction relief after the state appeals court dismissed the appeal of his murder conviction in Case No. F79-04279. The Texas Court of Criminal Appeals granted relief and reinstated the appeal so petitioner could file a brief. *Ex parte Helm*, No. 19,962-01 (Tex. Crim. App. Oct. 11, 1989). (*See also* Resp. Prelim. Resp. at 3).

-2-

>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was convicted of murder in 1987. That same year, the trial court revoked his deferred adjudication probation in a prior murder case. Punishment in each case was assessed at life imprisonment. The state appeals court affirmed both convictions and the Texas Court of Criminal Appeals denied post-conviction relief--all before the effective date of the AEDPA. On August 24,

2007, more than 11 years after the AEDPA was enacted, petitioner filed two more applications for state post-conviction relief. Both applications were denied on November 28, 2007. Petitioner filed this action in federal court on January 23, 2008.[2]

The AEDPA statute of limitations started to run on April 24, 1996--the date the statute became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner waited more than *11 years* before seeking post-conviction relief in state or federal court. No explanation has been offered to justify this delay. Consequently, this case should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] A prior federal writ filed by petitioner was dismissed without prejudice as premature. *Helm v. Collins*, 3-91-CV-1712-D (N.D. Tex. Jun. 16, 1992), *CPC denied*, No. 92-1563 (5th Cir. Apr. 5, 1993). The disposition of that case has no bearing on the court's limitations analysis.

DATED: May 27, 2008.

/s/ Jeff Kaplan
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE