IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE HELM | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0285-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON ORDER OF RE-REFERENCE**

This section 2254 habeas case has been re-referred to the United States magistrate judge for further consideration in light of petitioner's reply explaining why his federal writ is not time barred and his objections to the magistrate judge's recommendation dismissing the case on limitations grounds.

I.

On January 23, 2008, Robert Lee Helm, a Texas prisoner, filed an application for writ of habeas corpus challenging two state murder convictions and concurrent life sentences. Respondent answered the habeas petition by way of a preliminary response suggesting that the case was barred by the AEDPA statute of limitations. When petitioner failed to timely file a reply, the magistrate judge recommended dismissal on limitations grounds. *Helm v. Quarterman*, No. 3-08-CV-0285-M (N.D. Tex. May 27, 2008).

On May 27, 2008, the same day the magistrate judge issued his recommendation, petitioner filed a reply explaining why the case was not time-barred.[1] Petitioner timely filed objections to the magistrate judge's recommendation on June 10, 2008. In light of petitioner's reply and objections, the case has been re-referred to the magistrate judge for further consideration.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Petitioner was required to file a reply by May 18, 2008, which was 30 days after respondent filed his preliminary response. (*See* Doc. #7). However, petitioner did not deliver his reply to prison officials for mailing until May 19, 2008. Even under the prison mail box rule, the reply is untimely. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (federal habeas petition is considered filed on the date it is delivered to prison authorities for mailing). Nevertheless, in the interest of justice, the court will consider petitioner's untimely reply in addressing the limitations issue.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was convicted of murder in 1987. That same year, the trial court revoked his deferred adjudication probation in a prior murder case. Punishment in each case was assessed at life imprisonment. The state appeals court affirmed one murder conviction in 1988. *Helm v. State*, No. 05-87-00639-CR (Tex. App.--Dallas, Jan. 5, 1988, pet. ref'd). The other murder conviction was affirmed in 1994. *Helm v. State*, No. 05-87-00640-CR (Tex. App.--Dallas, Apr. 15, 1994, pet. ref'd). The Texas Court of Criminal Appeals denied an application for state post-conviction relief in 1991.[2] *See Ex parte Helm*, No. 19,962-02 (Tex. Crim. App. Mar. 6, 1991). On August 24, 2007, more than 11 years after the AEDPA was enacted, petitioner filed two more applications for state post-

---

[2] Petitioner also filed an application for state post-conviction relief after the state appeals court dismissed the appeal of one of his murder convictions. The Texas Court of Criminal Appeals granted relief and reinstated the appeal so petitioner could file a brief. *Ex parte Helm*, No. 19,962-01 (Tex. Crim. App. Oct. 11, 1989). (*See also* Resp. Prelim. Resp. at 3).

conviction relief. Both applications were denied on November 28, 2007. *See Ex parte Helm*, No. 19,962-03 (Tex. Crim. App. Nov. 28, 2007); *Ex parte Helm*, No. 19,962-04 (Tex. Crim. App. Nov. 28, 2007). Petitioner filed this action in federal district court on January 23, 2008.[3]

The AEDPA statute of limitations started to run on April 24, 1996--the date the statute became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner waited more than *11 years* before seeking post-conviction relief in state or federal court. In an attempt to avoid the dismissal of his case, petitioner argues that he is actually innocent and reurges the merits of his claims. (*See* Pet. Obj. at 1-2, Pet. Reply at 8). Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *2 (N.D. Tex. Jan. 11, 2006), *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006) (citing cases).

Petitioner also alludes to "newly discovered evidence" that supports his actual innocence claim. (*See* Pet. Obj. at 6; Pet. Reply at 4-6). However, petitioner does not identify this new evidence or explain why it could not have been discovered sooner. Without more, petitioner has not come close to establishing a basis for equitable tolling. *See Willis v. Quarterman*, Nos. 3-07-CV-1520-P, 3-07-CV-1522-P, 3-07-CV-1523-P, 3-07-CV-1524-P & 3-07-CV-1525-P, 2008 WL 89518

---

[3] A prior federal writ filed by petitioner was dismissed without prejudice as premature. *Helm v. Collins*, 3-91-CV-1712-D (N.D. Tex. Jun. 16, 1992), *CPC denied*, No. 92-1563 (5th Cir. Apr. 5, 1993). The disposition of that case has no bearing on the court's limitations analysis.

at *3 (N.D. Tex. Jan. 7, 2008), *appeal docketed*, No. 08-10098 ("newly discovered evidence" did not warrant equitable tolling where petitioner could have discovered evidence before or during trial with due diligence); *Tutt v. Dretke*, No. 4-05-CV-0573-Y, 2005 WL 3742815 at *2 (N.D. Tex. Nov. 9, 2005), *COA denied*, No. 05-11471 (5th Cir. Oct. 24, 2006) (same).

Next, petitioner argues that he could not timely file his federal writ because he was denied access to court files and transcripts for more than 23 years. (*See* Pet. Obj. at 6-7; Pet. Reply at 3). Even if petitioner was denied access to these materials, it does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001) (inability to obtain research materials does not warrant equitable tolling); *Davis v. Quarterman*, No. 3-06-CV-2183-N, 2007 WL 316903 at *2 (N.D. Tex. Feb. 2, 2007) (same as to inability to obtain trial transcript or access to court documents); *Wright v. Dretke*, No. 3-05-CV-0518-M, 2005 WL 1214905 at *2 (N.D. Tex. May 23, 2005), *rec. adopted*, 2005 WL 1639321 (N.D. Tex. Jul. 11, 2005), *COA denied*, No. 05-10983 (5th Cir. Aug. 21, 2006) (petitioner's receipt of trial transcripts more than one year after conviction became final did not warrant equitable tolling).

Petitioner further contends that he is entitled to challenge his state convictions on federal habeas review, regardless of the one-year statute of limitations, because the AEDPA is unconstitutional as applied to him and his convictions are void. (*See* Pet. Obj. 4-5, Pet. Reply at 7). The Fifth Circuit and other judges in this district have repeatedly rejected the same *ex post facto*, due process, and equal protection challenges to the AEDPA as made by petitioner herein. *See, e.g. Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (dismissal of federal habeas petition on limitations grounds does not violate due process); *Davis*, 158 F.3d at 810

(one-year grace period afforded to prisoners in which to seek federal habeas relief alleviates any *ex post facto* concerns); *Chambers v. Cockrell*, No. 3-01-CV-1158-H, 2001 WL 1029462 at *2 (N.D. Tex. Aug. 28, 2001), *COA denied*, No. 01-11347 (5th Cir. Feb. 21, 2002) (AEDPA does not violate due process or equal protection clauses of Fourteenth Amendment). Similarly, petitioner cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void." *Randall v. Director, TDCJ-CID*, No. 2-07-CV-204, 2008 WL 2128231 at *2 (E.D. Tex. May 16, 2008); *see also Nortonsen v. Reid*, 133 Fed. Appx. 509, 510-11, 2005 WL 1253964 at *1-2 (10th Cir. May 27, 2005), *cert. denied*, 126 S.Ct. 748 (2005) (petitioner cannot avoid dismissal on limitations grounds by arguing that his state sentence is void); *Madina v. Cain*, No. 05-2126, 2006 WL 2726506 at *3 (E.D. La. Sept. 20, 2006) (rejecting novel argument that AEDPA limitations period runs only on sentences which were validly imposed); *Willis v. Dretke*, No. 3-03-CV-1284-G, 2005 WL 39053 at *3 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 1058855 (N.D. Tex. May 5, 2005) (petitioner not entitled to equitable tolling of AEDPA statute of limitations based on argument that trial court lacked jurisdiction).

Although his remaining arguments are unclear, petitioner apparently believes that he is entitled to equitable tolling because state officials hindered his efforts to pursue post-conviction relief. More particularly, petitioner alleges that prison authorities tampered with his mail in 2006, refused to accept his habeas petition for mailing on January 23, 2008, and delayed in mailing his reply in May 2008. (*See* Pet. Obj. at 7, Pet. Reply at 4, 6). Even if these allegations are true, all three events occurred long after the limitations period expired.[4]

---

[4] To the extent petitioner argues that his federal writ is not successive, (*see* Pet. Obj. at 4), that argument is irrelevant to the limitations issue.

-6-

## **RECOMMENDATION**

The magistrate judge adheres to his prior recommendation that this case should be dismissed on limitations grounds. Petitioner's objections should be overruled.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATE: June 25, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE